[No. 20264.    Department One.    March 9, 1927.]

JOHN K. MacRAE et al., Appellants, v. FIDELITY & DEPOSIT COMPANY OF MARYLAND, Respondent.[1]

[1] EVIDENCE (124)—DOCUMENTS—CONTRACTS—PAPERS REFERRED TO IN CONTRACT OFFERED. In an action upon a contract to complete a public improvement, which refers to the plans, specifications and original contract the performance of which was undertaken, whether the court, in receiving the last contract in evidence, should require that the original contract, as well as the plans and specifications thereof, must be introduced in evidence at the same time, depends upon whether the original was so closely connected with the papers offered as to make it probable that the former was requisite to a full understanding of the latter.

[2] APPEAL (138, 152)—PRESERVATION OF GROUNDS—EXCEPTIONS—NECESSITY—PROCEEDINGS AT TRIAL—WAIVER. Where the court wrongfully directed a verdict without giving plaintiff an opportunity to introduce his evidence, after having assumed to make up a short record for an appeal by a preliminary ruling on the admission of evidence which plaintiff had offered, practically forcing the same upon the plaintiff, it is apparent that the court intended to allow an exception to the direction of the verdict, and the same is reviewable on appeal, where it appears that, before calling in the jury, the trial judge stated he would direct the verdict, that the papers would be offered, and admission refused, and exception allowed.

[1]Reported in 253 Pac. 785.

[3] TRIAL (63)—DIRECTION OF VERDICT—POWER OF COURT. It is error to direct a verdict upon considering the rights of the parties under writings which made up a contract, before the plaintiff had rested, in effect denying the right to offer any other proper evidence plaintiff may have had.

Appeal from a judgment of the superior court for King county, Ronald, J., entered April 19, 1926, upon the verdict of a jury in favor of defendant, in an action on contract. Reversed.

*Frank A. Noble* (*E. P. Whiting*, of counsel), for appellants.

*Grinstead, Laube & Laughlin* and *R. John Lichty*, for respondent.

MAIN, J.—The plaintiffs brought this action to recover the balance claimed to be due upon a highway construction contract. The cause came on for trial before the court and a jury and the court directed a verdict in favor of the plaintiffs in the sum of $30.42. The motion of the plaintiffs for a new trial was overruled. Judgment was entered upon the verdict, from which the plaintiffs appeal.

The facts are these: On April 14, 1923, the state of Washington entered into a contract with one Norman McKinnon for certain construction work upon a portion of the National Park Highway in Lewis county. The respondent, Fidelity & Deposit Company of Maryland, was surety upon McKinnon's bond. After proceeding for a time with the work, McKinnon defaulted. On June 5, 1924, the appellants, John K. MacRae and Peter MacRae, doing business under the firm name of MacRae Brothers, made a written proposal to the respondent in which was specified the unit prices at which they would complete the work which the respondent as surety upon McKinnon's bond was under obligation to do. This proposal was accepted by letter of the respondent dated

June 13, 1924. The appellant completed the work. It was accepted by the state and a controversy arose as to the amount which the appellants had earned under the contract with the respondent. As before stated, the present action was to recover the balance which the appellants claimed they were entitled to over and above that which they had been paid by the respondent.

When the case came on for trial before the court and a jury, and after a few preliminary questions had been propounded to the first witness sworn on behalf of the appellants, the jury were excused and a colloquy took place between the court and respective counsel. The appellants had offered in evidence their proposal above referred to and had the same marked as exhibit "A" for identification and also the letter of the respondent which was marked exhibit "B" for identification. The respondent objected to the introduction of these exhibits unless the McKinnon contract was also placed in evidence. The appellants were willing to introduce the McKinnon specifications but objected to being required to introduce the McKinnon contract as a part of their case.

[1] The first question is whether the court erred in holding that the McKinnon contract, which subsequently was marked defendant's exhibit "1" for identification, should be introduced along with exhibits "A" and "B" above mentioned. The proposal of the appellants, which is exhibit "A" for identification, recited:

"The undersigned hereby certifies that they have examined the location of the National Park Highway, Nesika bridge approaches, in Lewis county, Washington, between station A4-03 and station A0-00.0 and between station 0-00 and station 4-00 and have read and thoroughly understand the plans, specifications and contract governing the work embraced in this improvement, and the method by which payment will be

made for said work, and hereby proposes to undertake and complete the unfinished portion of the work embraced in this improvement, or as much thereof as can be completed with the money available, in accordance with the said plans, specifications and contract, and at the following schedule of rates and prices.''

It will be noticed that in this proposal the appellants undertake to complete the finished portion of the work embraced in the improvement ''in accordance with said plans, specifications and contract.'' There is a direct reference to the McKinnon contract as well as to the plans and specifications. In Wigmore on Evidence (2d ed.), vol. 4, § 2104, it is said:

''Where a writing offered *refers to another writing,* the latter should also be put in at the same time, provided the reference is such as to make it probable that the latter is requisite to a full understanding of the effect of the former. The same principle would apply to another writing, not expressly referred to, but necessary by the nature of the documents to a proper understanding of the one offered. Much, therefore, will depend upon the circumstances of each case and the character of each document, and no fixed rule can fairly be laid down; the trial Court's discretion should control. Such separate writings have been required to be offered in various classes of cases; in particular, the requirement may be made for other documents referred to in a deposition, or for prior letters of a correspondence referred to in subsequent ones offered, though on the latter point inconsistent general rules have been laid down.''

There was apparently such a direct connection made by reference in exhibit ''A'' to the McKinnon contract that it was not error for the trial court to require that the latter be introduced along with exhibits ''A'' and ''B''. The court, however, went further than this and expressed a view upon the rights of the parties as determined by exhibits ''A'' and ''B'' and defendant's

exhibit "1" for identification, none of which had been introduced in evidence. The question of the merits under the contract was not before the trial court at that time, or at all, and is not before this court upon the appeal. After expressing a view as to the rights of the parties as fixed by the writings, the following occurred:

"The Court: . . . Now, if that settles the case, why don't you just let the record show it, and go up on this short record without having any more expense; because, I may be wrong about it, and if I am wrong, that will be the cheapest way for you to settle it. Mr. Lichty: I think the only way that can be raised is for your Honor to hold that these two papers which have been marked Plaintiffs' Exhibits A and B are only admissible together with the contract with McKinnon, and then let him make whatever motion he wants to at that time. The Court: I will hold that. Mr. Lichty: He has the right to proceed then under your ruling, to put in the contract, and attempt to establish his case then as he wishes. The Court: Very well. Mr. Noble: That may be, but I will not take any more time up. Other than the thirty dollars, that is an oversight on my part and on your part, and everyone's part."

The jury were then brought in and the court directed a verdict for $30.42. The appellants moved for a new trial, one of the grounds of the motion being "irregularity of the proceedings of the court and abuse of discretion by which the plaintiff was prevented from having a fair trial." After the motion was overruled, judgment, as above stated, was entered upon the verdict, from which the appeal was taken..

The appellants in their brief assign error not only with reference to the exclusion by the court of exhibits "A" and "B", but also that the court erred in taking the case from the jury and directing a verdict and in refusing to permit appellants to prove their case.

[2] The respondent contends that the action of the court in directing a verdict is not error, because not excepted to. But we cannot acquiesce in this view, conceding, without deciding, that an exception was necessary. The court, after reaching the conclusion that a verdict for $30.42 would be directed, observed:

"Then I will instruct the jury to bring in a verdict for the plaintiff for $30.42. Bring in the jury. Now, you will want these papers in the record, Plaintiff's Identified Exhibits A and B. They will be offered, and the offer denied, and the exhibits refused admission in evidence; and exception allowed. Have them so marked."

It apparently was the intention of the court to allow an exception to its holding. Nowhere in the record does it appear that the appellants at any time rested their case, unless the statement of counsel to the effect that he would not take up any more time amounts to that. In making this statement, counsel had practically been forced into that position by the court. It would be too technical to say that the rights of litigants on the merits should be determined by the observation of counsel after the court of its own motion had attempted to make a record upon which the controversy could be considered upon an appeal.

[3] The appellants had a right to offer any other proper evidence that they may have had and proceed in an orderly way until they were ready to rest their case. It was error to consider the rights of the parties under the writings which made up the contract, when that question was not yet before the court, and direct a verdict based thereon, which in effect denied appellants the right to offer any other evidence that they may have had.

The only question, so far as the writings were concerned, that was before the court at the time was

whether exhibits "A" and "B" were so closely con-
nected with defendant's exhibit "1" for identification
that the court should require, or had the right to re-
quire, that exhibit "1" should be introduced along with
the other two.

Nothing herein said shall be construed as an expres-
sion of opinion upon the merits, since that question is
not now before us.

The judgment will be reversed, and the cause re-
manded with directions to the superior court to grant a
new trial.

MACKINTOSH, C. J., MITCHELL, FULLERTON, and
FRENCH, JJ., concur.